## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

PNC BANK, NATIONAL ASSOCIATION,

      Plaintiff,

v.

CHICAGO TITLE LAND TRUST COMPANY AS TRUSTEE UNDER TRUST AGREEMENT DATED APRIL 29, 1983 AND KNOWN AS TRUST NUMBER 57701 CUSHING TRANSPORTATION, INC., CUSHING LOGISTICS, INC., LEA CARTAGE, INC., PACELLA FAMILY, L.L.C., ANTHONY PACELLA, JAMES PACELLA and JOHN PACELLA, JR.,

      Defendants.

Case No. 16-cv-6609

Honorable James B. Zagel
District Judge

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND JUDGMENT OF FORECLOSURE AND SALE

PNC Bank, National Association ("PNC"), by its attorneys Carlson Dash, LLC, and pursuant to FEDERAL RULES OF CIVIL PROCEDURE 55(a) & (b)(1), and 735 ILCS 5/15-1506(a) moves this Court for the entry of (1) a Default Judgment; and (2) Judgment of Foreclosure and Sale against the above-named defendants. In support of its motion, PNC states as follows:

### Motion for Default

1. On June 24, 2016, PNC filed its Complaint (the "Complaint") seeking monetary judgments against its borrowers and guarantors, and to foreclose the property commonly known as 3756 S. Cicero Avenue, Stickney, Illinois which secured its loans. A copy of the Complaint is attached as **Exhibit 1**.

2. On June 30, 2016, Chicago Title Land Trust Company as Trustee under Trust Agreement dated April 29, 1983 and known as Trust Number 57701 (the "Trustee") was served with process and a copy of the Complaint. A copy of the Return of Service is attached as **Exhibit 2**.

3. On July 15, 2016, Cushing Transportation, Inc. was served with process and a copy of the Complaint. A copy of the Return of Service is attached as **Exhibit 3**.

4. On July 15, 2016, Cushing Logistics, Inc. was served with process and a copy of the Complaint. A copy of the Return of Service is attached as **Exhibit 4**.

5. On July 15, 2016, Lea Cartage, Inc. was served with process and a copy of the Complaint. A copy of the Return of Service is attached as **Exhibit 5**.

6. On August 19, 2016, Pacella Family, L.L.C. was served with process and a copy of the Complaint. A copy of the Return of Service is attached as **Exhibit 6**.

7. On August 31, 2016, Anthony Pacella was served with process and a copy of the Complaint. A copy of the Return of Service is attached as **Exhibit 7**.

8. On August 18, 2016, James Pacella was served with process and a copy of the Complaint. A copy of the Return of Service is attached as **Exhibit 8**.

9. On July 1, 2016, John Pacella, Jr. was served with process and a copy of the Complaint. A copy of the Return of Service is attached as **Exhibit 9**.

10. Under FEDERAL RULE OF CIVIL PROCEDURE 12(a)(1)(A)(i), the Defendants had twenty-one (21) days within which to answer or otherwise plead to the Complaint.

11. To date, the Defendants have failed to appear in this matter or to file an answer or otherwise plead to the Complaint within the time allowed by law.

12. As a result of the Defendants' failure to appear, answer or otherwise plead to the Complaint, the allegations of the Complaint are deemed true. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994); *N.L.R.B v. Dane County Dairy*, 795 F.2d 1313, 1323 (7th Cir. 1986).

13. Attached as **Exhibit 10** is the affidavit of Randolph Webster III setting forth the amounts due and owing to PNC, exclusive of attorney fees and costs, as of September 29, 2016 is $809,131.61.

14. The Promissory Note referenced in the Count I of the Complaint provides that PNC may recover reasonable attorney's fees and costs it incurs in seeking to collect amounts due and owing under the Note. *See* Note, Exhibit A attached to the Complaint, at p. 5 of 7, ¶ 13 "Miscellaneous".

15. The Promissory Note referenced in the Count II of the Complaint provides that PNC may recover reasonable attorney's fees and costs it incurs in seeking to collect amounts due and owing under the Note. *See* Note, Exhibit B attached to the Complaint, at p. 5 of 7, ¶ "Miscellaneous".

16. The Mortgage referenced in Count III of the Complaint provides that PNC may recover its reasonable attorney's fees and costs it incurs in enforcing the Mortgage. *See* Mortgage, Exhibit E attached to the Complaint, at p. 9, ¶ 12(b).

17. The Guaranty Agreement executed by Anthony J. Pacella provides that PNC may recover all attorneys' fees and costs in enforcing the Guaranty Agreement. *See* Anthony J. Pacella Guaranty Agreement, Exhibit F attached to the Complaint, p. 3 of 7, ¶ 9 "Costs."

18. The Guaranty Agreement executed by James Pacella provides that PNC may recover all attorneys' fees and costs in enforcing the Guaranty Agreement. *See* James Pacella Guaranty Agreement, Exhibit G attached to the Complaint, p. 3 of 7, ¶ 9 "Costs."

19. The Guaranty Agreement executed by John Pacella, Jr. provides that PNC may recover all attorney fees and costs in enforcing the Guaranty Agreement. *See* John Pacella, Jr. Guaranty Agreement, Exhibit G attached to the Complaint, p. 3 of 7, ¶ 9 "Costs."

20. As of September 26, 2016, PNC has incurred attorney fees and costs in the amount of $9,447.17 in enforcing the Note and the Guarantees. Attached as **Exhibit 11** is the Affidavit of Martin J. Wasserman in support of attorney fees and costs.

**WHEREFORE**, PNC Bank National Association respectfully requests that the Court enter an Order against the Defendants as follows:

A. Finding the Defendants in default for failing to timely answer or otherwise plead in response to the Complaint;

B. Finding that the allegations of the complaint are deemed admitted as to Defendants Chicago Title Land Trust Company as trustee under trust agreement dated April 29, 1983 and known as Trust Number 57701, Cushing Transportation, Inc., Cushing Logistics, Inc., Lea Cartage, Inc., Pacella Family, L.L.C., Anthony Pacella, James Pacella and John Pacella, Jr.;

C. Entering a default judgment against Cushing Transportation, Inc., Cushing Logistics, Inc., Lea Cartage, Inc., Pacella Family, L.L.C., Anthony Pacella, James Pacella and John Pacella, Jr. in the amount of $809,131.61, plus attorney fees of $9,447.17, plus accruing interest through the date of judgment, plus additional attorney fees and costs;

D. Entering a judgment of foreclosure and sale against the property commonly known as 3756 S. Cicero Avenue, Stickney, Illinois; and

E. For such other relief as this Court deems just and proper.

    Respectfully submitted,
    **PNC BANK, NATIONAL ASSOCIATION**

    By:  /s/ Martin J. Wasserman
        One of its Attorneys

CARLSON DASH, LLC
Kurt M. Carlson ARDC #6236568
Martin J. Wasserman ARDC #6294040
216 S. Jefferson, Suite 504
Chicago, Illinois 60661
Telephone: 312-382-1600
Email: kcarlson@carlsondash.com
Email: mwasserman@carlsondash.com